J-S20029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: B.R., JUVENILE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: B.R., | |
| Appellant | No. 1636 WDA 2014 |

Appeal from the Dispositional Order Entered September 4, 2014
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-JV-0000068-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 1, 2015**

B.R. ("Appellant") appeals from the dispositional order entered following his adjudication of delinquency on charges of theft by unlawful taking and receiving stolen property.  Appellate counsel has filed a petition to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant counsel's petition to withdraw and affirm the dispositional order.

The trial court summarized the factual and procedural history of this case as follows:

> On May 24th, 2014, [Jon] C. Mikesell's son parked his bicycle in front of the Clearfield YMCA. Trial Transcr. 5:4 (Sept. 4, 2014).  The bicycle was then stolen.  *Id.* at 5:9[.]  In a

bench trial held on Thursday, September 4th, 2014, B.R. [(Appellant)] was adjudicated delinquent for the theft of that bicycle. *Id.* at 41:7-15. At trial, [Appellant], who was represented by counsel, testified on his own behalf. *Id.* at 24:11[.] [Appellant's] father, Donald, also testified on his son's behalf. *Id.* at 34:19. The Commonwealth's witnesses were Officer Jacob A. Rhymstine, the investigating officer; and Jon C. Mikesell (Mr. Mikesell). *See generally* Trial Transcr. (Sept. 4, 2014). Mr. Mikesell was not only the victim's father, but also [Appellant's] guidance counselor at school. Trial Transcr. 7:16 (Sept. 4, 2014).

Mr. Mikesell testified as the Commonwealth's first witness with regard to the events on the day the bicycle was stolen and the day Mr. Mikesell and his son discovered the bicycle in the possession of [Appellant's] brother and father. Trial Transcr. 3-15 (Sept, 4, 2014). However, during the Commonwealth's direct examination, Mr. Mikesell indicated that he was [Appellant's] guidance counselor at school. *Id.* at 7:16. Following direct examination by the Commonwealth, and cross-examination by counsel for the defense, the Court questioned Mr. Mikesell regarding [Appellant's] attendance, performance, and behavioral issues at school. Trial Transcr. 12-15 (Sept. 4, 2014). Mr. Mikesell informed the Court that [Appellant] "had a very high attendance problem and [Appellant] had some issues of not wanting to go to class and some outbursts and things along those lines." *Id.* at 13:10-12. In summation, [Appellant] had failed three classes the previous school year, had 40 unexcused absences and 21 unexcused tardies. *Id.* at 13:14-14:7. During the Court's brief examination of Mr. Mikesell regarding [Appellant's] school performance, neither party objected to any of the Court's questions, nor to the testimony offered in response. Following the Court's inquiry, the Court offered the witness to counsel for both parties for further questioning. Counsel for both parties declined to ask any further questions of Mr. Mikesell. *Id.* at 15:7-11.

The remaining witnesses, including [Appellant] and his father, offered testimony which indicated that [Appellant] took possession of the bicycle and intended to keep it. *See* Trial Transcr. 15-41 (Sept. 4, 2014). The ultimate result of the trial was that [Appellant] was adjudicated delinquent on the theft of the bicycle, with a charge of receiving stolen property merging

with the lead offense, and was placed on probation for one year less one day. Trial Transcr. 41:7-42:2 (Sept. 4, 2014).

Trial Court Opinion, 12/2/14, at 1–2.

As noted, counsel has filed a petition to withdraw from representation. Before we address the questions raised on appeal, we first must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted an examination of the record. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent to Appellant a copy of the *Anders* brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Cartrette***, 83 A.3d at 1032 (quoting ***Santiago***, 978 A.2d at 361).

Counsel's brief is compliant with ***Santiago***. It sets forth the history of this case and outlines pertinent case authority. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel presents the following issues for our review:

I.   Whether the Court of Common Pleas of Clearfield County [hereinafter "Lower Court"] erred when, on September 4, 2014, it questioned Mr. John [sic] Mikesell concerning the Juvenile's school record during the Juvenile's hearing, which introduced irrelevant and prejudicial information into the record.

II.  Whether the Lower Court erred when, on September 4, 2014, it adjudicated the Juvenile delinquent on the charges of Theft by Unlawful Taking (M2) and Receiving Stolen Property (M2) and ordered its disposition, despite the lack of sufficiency of [sic] evidence.

***Anders*** Brief at 6.

The first issue challenges the trial court's questioning of Mr. Mikesell as resulting in the introduction of irrelevant and prejudicial information. The trial court disposed of this issue succinctly:

Initially, the Court notes that counsel for neither party objected to the trial Court's line of questioning of Mr. Mikesell

- 4 -

regarding [Appellant's] school attendance and performance. In fact, counsel was quite correct not to object, as nothing in the line of questioning was improper or objectionable. However, assuming *arguendo* that there even was a plausible objection to be raised it must be noted that no objection actually was raised. It is axiomatic that an objection or issue not timely raised, is waived. Because [Appellant] raised no timely objection contemporaneous to the trial Court's line of questioning, the issue is waived.

Trial Court Opinion, 12/2/14, at 3 (internal citations omitted). We agree.

Our rules of evidence require a contemporaneous objection in order to preserve a claim of error in the admission of evidence:

**(a) Preserving a Claim of Error.** A party may claim error in a ruling to admit or exclude evidence only:

(1) if the ruling admits evidence, a party, on the record:

(A) makes a timely objection, motion to strike, or motion in limine; and

(B) states the specific ground, unless it was apparent from the context. . . .

Pa.R.E. 103(a).

Here, the trial court found, and our review of the record confirms, that defense counsel did not object to the line of questioning now challenged on appeal. N.T., 9/4/14, at 12–15. Thus, the first issue is waived. Pa.R.E. 103.

The second issue challenges the sufficiency of the evidence supporting the adjudication of delinquency. Our standard of review is as follows:

When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a

reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.

In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re V.C.*, 66 A.3d 341, 348–349 (Pa. Super. 2013), *appeal denied*, 80 A.3d 778 (Pa. 2013) (quoting *In re A.V.,* 48 A.3d 1251, 1252–1253 (Pa. Super. 2012)).

Viewing the evidence in the light most favorable to the Commonwealth, the trial court disposed of this challenge as follows:

B.R. was convicted of theft by unlawful taking or disposition-movable property. Pennsylvania Crimes Code states that a person is guilty of this offense "if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof," 18 Pa.C.S. § 3921(a). Even a cursory review of the trial transcript reveals that there was ample evidence, including [Appellant's] own testimony, to sufficiently support the Court's adjudication and disposition. There is no dispute that [Appellant] exercised control over the movable property, namely the bicycle, belonging to Mr. Mikesell's son, and that [Appellant] intended to deprive Mr. Mikesell's son of the same.[1] Trial Transcr. 15-41 (Sept. 4, 2014).

- 6 -

¹ The only issue of any possible dispute is whether the act was "unlawful." [Appellant] and his father offered testimony to suggest that [Appellant] thought the bicycle actually belonged to [Appellant] in the first place and that he was stealing it back. *See* Trial Transcr. 27:11-22 (Sept. 4, 2014); *see also* Trial Transcr. 36:12-21 (Sept. 4, 2014). However, whether "stealing back" the bicycle could be of any legal consequence is irrelevant as the Court did not find this story to be credible in the least.

The trial Court heard and weighed the testimony of all of the witnesses at the trial. The trial Court found the testimony of Mr. Mikesell and Officer Rhymstine to be highly credible. Conversely, the trial Court found the testimony of [Appellant] and his father to lack credibility; and the trial Court ruled accordingly.

The trial Court was free to draw reasonable inferences from the evidence offered at trial. Though [Appellant] may disagree with the trial Court's inferences and findings, those inferences and findings of fact rest squarely within the trial Court's discretion when acting as fact finder.

Trial Court Opinion, 12/2/14, at 6-7.

Upon review, we conclude that the record supports the trial court's findings and that its conclusion of law is without error. The Commonwealth introduced photographic and testimonial evidence—including Appellant's admission to the investigating officer—proving beyond a reasonable doubt that Appellant took the bicycle from the YMCA with the intent to deprive Mr. Mikesell's son of it. N.T., 9/4/14, at 17–18. Also, the trial court acted within its discretion in finding Appellant's testimony incredible. Contrary to Appellant's description of the tires of the bicycle he owned, the front tire of the Mikesell bicycle was secured by bolts, washers, and pegs, and the rear

tire was original to the bicycle. *Id.* at 18. Moreover, Appellant told the investigating officer that he took the bicycle from the YMCA. At trial, though, Appellant testified that his younger brother actually took the bike from the YMCA. Accordingly, we conclude that Appellant's sufficiency claim lacks merit.

Lastly, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. ***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and affirm the dispositional order.

Petition of counsel to withdraw is granted. Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2015